## ATTACHMENT 1

FILED/REC'D
2025 DEC -1 P 3:21
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

## COMPLAINT FORM

(for non-prisoner filers without lawyers)

IN THE UNITED STATES DISTRICT COURT
FOR THE __Western__ DISTRICT OF __Wisconsin__

(Full name of plaintiff(s))

__Charles L. Walker__

vs

(Full name of defendant(s))

__Dane County Etc.__

Case Number:

__25 CV 985 JDP__
(to be supplied by clerk of court)

A. PARTIES

1. Plaintiff is a citizen of __Wisconsin__ and resides at
   (State)

   __P.O Box 44217 Madison, WI 53744__
   (Address)

(If more than one plaintiff is filing, use another piece of paper).

2. Defendant ___See Attachment___
(Name)

is (if a person or private corporation) a citizen of ___Wisconsin___
(State, if known)

and (if a person) resides at ___Unknown___
(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for ___Dane County etc    See Attachment___
(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

___See Attachment___

See Attachment

C. JURISDICTION          42.USC 1983, 1985, and 1986

☑ I am suing for a violation of federal law under 28 U.S.C. § 1331.

1343(A)(3)

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $ 20 million .

D. RELIEF WANTED

Describe what you want the court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or stop doing something.

See Attachments

E.   JURY DEMAND

☑ Jury Demand - I want a jury to hear my case
OR
☐ Court Trial – I want a judge to hear my case

Dated this __01__ day of __12__ 20_25_.

Respectfully Submitted,

_Charles Walker_
Signature of Plaintiff

_1608 621-10477_
Plaintiff's Telephone Number

_____
Plaintiff's Email Address

_P.O Box 44217 Madison, WI 53744_

_____
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

☑ I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

DATE: December 01, 2025

CHARLES L. WALKER
Plaintiff,
v.
DANE COUNTY,
JUDGE JACOB FROST,
JUDGE RHONDA L. LANFORD,
COURT COMMISSIONER J. ALBERTO QUIROGA,
COURT COMMISSIONER ANTON S. JAMIESON,
COURT COMMISSIONER BRIAN ASMUS,
COURT COMMISSIONER RHODA RICCIARDI,
CLERK CHARLOTTE T.,
COURT REPORTER HANNAH TYLER,
ATTORNEY ANDREA D. BRENDEMUEHL,
DANE COUNTY CHILD SUPPORT AGENCY,
DANE COUNTY SHERIFF DEPUTIES (NAMES UNKNOWN),
Defendants.

Case No.: _____
Jury Trial Demanded

**COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF**

**UNDER 42 U.S.C. §§1983, 1985, 1986, AND THE U.S. CONSTITUTION**

## I. JURISDICTION AND VENUE

1. This action arises under the U.S. Constitution and 42 U.S.C. §§1983, 1985, and 1986.

2. Jurisdiction is proper under 28 U.S.C. §§1331, 1343(a)(3).

3. Venue is proper in the Western District of Wisconsin under 28 U.S.C. §1391(b) because all defendants acted in this district.

## II. PARTIES

4. Plaintiff, Charles L. Walker, is a resident of Wisconsin.

5. Defendant Dane County is a municipality in Wisconsin and may be sued directly under 42 U.S.C. §1983 for its policies, customs, and practices, which caused the constitutional violations described herein (Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Hafer v. Melo, 502 U.S. 21 (1991)).

6–15. All individual defendants acted under color of state law and participated directly or indirectly in depriving Plaintiff of his constitutional rights.

### III. FACTUAL BACKGROUND – SYSTEMATIC PATTERN OF VIOLATIONS

A. Systematic Pattern of Constitutional Violations

16. Plaintiff brings this action under §1983 for coordinated, systemic violations of his constitutional rights committed by Dane County judges, court commissioners, clerks, deputies, child support personnel, and court reporters acting under color of state law.

17. Dane County enforced child support orders against Plaintiff for many years. Plaintiff's son had already moved to Mississippi at age 3 and is now 18 years old, demonstrating that the county's enforcement was improper, unconstitutional, and lacked personal or subject matter jurisdiction.

18. Despite the lack of jurisdiction, Dane County continued judicial and administrative enforcement, demonstrating a systemic pattern of misconduct that violates federal constitutional rights.

B. Judicial Misconduct and Denial of Due Process

19. Judge Jacob Frost denied Plaintiff a de novo hearing by mail, refused to allow recusal of court commissioners, and dismissed motions in violation of Plaintiff's Fifth and Fourteenth Amendment rights (Stump v. Sparkman, 435 U.S. 349 (1978)).

20. Court Commissioner J. Alberto Quiroga dismissed Plaintiff's filings for lack of subject matter jurisdiction, further demonstrating inconsistency and denial of due process.

21. Court Commissioner Rhoda Ricciardi denied Plaintiff the ability to re-file or present missing evidence due to clerical removals of documents, blocking Plaintiff from placement and custody rights.

22. Court Commissioner Brian Asmus refused to allow Plaintiff to present evidence during a contempt hearing, even evidence proving lack of personal jurisdiction, violating due process and confrontation rights.

23. Lead Court Commissioner Anton S. Jamieson denied Plaintiff access to remove Commissioner Quiroga for bias, obstructing Plaintiff's right to a neutral tribunal.

C. Clerk Charlotte T. – Retaliation and Record Manipulation (October 14, 2025)

24. On October 14, 2025, Clerk Charlotte T. intentionally filed Plaintiff's paperwork incorrectly.

25. Plaintiff possesses an audio recording showing the clerk acted retaliatorily after he indicated he intended to report her prior misconduct.

26. A Dane County bailiff intervened, appearing to correct the filing, but shifted blame onto Plaintiff, attempting to make it seem he caused the error.

27. These actions contributed directly to the harassment and firearm injunction proceedings and demonstrate a systemic pattern of retaliation, obstruction, and denial of due process.

D. Harassment & Firearm Injunction – Judge Rhonda L. Lanford

28. Judge Lanford fabricated a non-existent statute ("Wis. Stat. §811.91"), claiming Plaintiff could not cross-examine witnesses without her permission.

29. Plaintiff repeatedly requested the statute; the judge refused and labeled him "hostile."

30. Judge Lanford refused to admit audio/video evidence demonstrating the clerk and petitioner were the aggressors, suppressing exculpatory evidence (Brady v. Maryland, 373 U.S. 83 (1963)).

31. Lanford allowed a deputy, already a defendant in Plaintiff's pending lawsuit, to assist in the hearing, creating a conflict of interest and retaliation.

32. Lanford entered a four-year harassment injunction, barred Plaintiff from the second floor of the courthouse, and imposed firearms ban, all without due process.

E. Court Reporter Misconduct – Hannah Tyler

33. Court Reporter Hannah Tyler altered transcripts to obscure judicial bias, constituting fraud upon the court and denial of Plaintiff's Fifth and Fourteenth Amendment rights.

## IV. CONSTITUTIONAL AND FEDERAL LAW CLAIMS

Count 1 – First Amendment Retaliation

Retaliation for filing complaints, motions, and lawsuits (Hartman v. Moore, 547 U.S. 250 (2006); Nieves v. Bartlett, 587 U.S. ___ (2019)).

Count 2 – Fourth Amendment Unlawful Arrest

Arrest on invalid contempt warrant; coercive signing of child support papers (Manuel v. City of Joliet, 580 U.S. 357 (2017); Gerstein v. Pugh, 420 U.S. 103 (1975)).

Count 3 – Fifth & Fourteenth Amendment Due Process

Denial of hearing, suppression of evidence, fabrication of statutes, altered transcripts (Mathews v. Eldridge, 424 U.S. 319 (1976); Goldberg v. Kelly, 397 U.S. 254 (1970); Stump v. Sparkman, 435 U.S. 349 (1978); Caperton v. Massey, 556 U.S. 868 (2009)).

Count 4 – Sixth Amendment Right to Confront Witnesses

Refusal to allow cross-examination in quasi-criminal civil injunction hearings (Pointer v. Texas, 380 U.S. 400 (1965); Goldberg v. Kelly, 397 U.S. 254 (1970)).

Count 5 – Fourteenth Amendment Equal Protection

Targeted treatment and "class of one" violations (Olech v. Willowbrook, 528 U.S. 562 (2000)).

Count 6 – 42 U.S.C. §1983

All defendants acted under color of law.

Count 7 – 42 U.S.C. §1985(3)

Conspiracy to deprive Plaintiff of civil rights.

Count 8 – 42 U.S.C. §1986

Failure to prevent §1985 violations.

Count 9 – Monell Liability Against Dane County

County liable for policies, customs, and practices causing constitutional violations (Monell, 436 U.S. 658 (1978); Pembaur, 475 U.S. 469 (1986); Canton v. Harris, 489 U.S. 378 (1989); Connick v. Thompson, 563 U.S. 51 (2011); Praprotnik, 485 U.S. 112 (1988)).

## V. SEPARATION OF POWERS AND STRUCTURAL VIOLATIONS

1. The child support system demonstrates a violation of separation of powers, as all three branches coordinate to deprive rights:

Judicial – Judges and commissioners fabricate statutes, dismiss filings, and enter injunctions.

Executive – Clerks, deputies, and child support officers enforce orders and obstruct filings.

Legislative – Statutes (Wis. Stat. 801.11, 818.02) are applied to enable deprivation of rights.

2. This structure creates systemic constitutional harm, actionable under §1983 despite general immunity under the Eleventh Amendment (Hans v. Louisiana, 134 U.S. 1 (1890); Hafer v. Melo, 502 U.S. 21 (1991)).

## VI. DAMAGES AND RELIEF REQUESTED

A. Declaratory Relief

Void all child support orders and injunctions

Correct altered court records

Remove all retaliatory sanctions

### B. Compensatory Damages

Emotional distress, lost parental rights, lost income, costs of arrests, and injunctions

### C. Punitive Damages

Against all individual defendants for malice, fraud, and reckless disregard

### D. Injunctive Relief

Prevent further retaliation, enforce due process, require proper municipal training, remove wrongful injunctions

### E. Attorney's Fees

Under 42 U.S.C. §1988

## VII. JURY DEMAND

Plaintiff demands a jury trial on all claims.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests judgment against all defendants, jointly and severally, and all relief deemed just and proper.

Respectfully submitted,

*Charles Walker*

Charles L. Walker
P.O Box 44217
Madison, Wi 53744
1(608) 621-1477