IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES L. WALKER,

                         Plaintiff,

    v.

JACOB FROST, RHONDA LANFORD,
J. ALBERTO QUIROGA, ANTON JAMIESON,           OPINION and ORDER
BRIAN ASMUS, RHODA RICCIARDI,
CLERK CHARLOTTE T., HANNAH TYLER,             25-cv-985-jdp
ANDREA D. BRENDEMUEHL,
DANE COUNTY CHILD SUPPORT AGENCY,
and DANE COUNTY SHERIFF DEPUTIES,

                         Defendants.

---

Plaintiff Charles Walker, proceeding without counsel, alleges that Dane County court officials, child support staff, and deputies violated his rights in a variety of ways during paternity and child support proceedings in the Dane County Circuit Court. The court has allowed Walker to proceed with these cases without prepaying any portion of the filing fees. Dkt. 3.

The next step is for me to screen the complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the complaint's allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Walker's current allegations do not properly state a claim for relief, but I will give him a chance to submit an amended complaint better explaining his claims.

ANALYSIS

This is the fifth lawsuit that Walker has filed about alleged misconduct during his paternity and child support proceedings. Walker's new complaint has many of the same problems as his previous complaints. Most of his allegations are against judges or court commissioners for their actions in his state-court case. But as I explained in a previous order, because Walker has a pending appeal challenging the underlying validity of the state-court case and defendant Judge Jacob Frost's child support rulings, this federal court cannot proceed with claims about rulings in his state-court case. *See Walker v. Dane Cnty. Child Support Agency*, No. 25-cv-817-jdp, 2025 WL 3204745, at *1 (W.D. Wis. Nov. 17, 2025) (citing *Younger v. Harris*, 401 U.S. 37 (1971), and *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021)). And even if he didn't have ongoing state-court proceedings, state-court judges are immune for their official actions, *Dawson v. Newman*, 419 F.3d 656, 660–61 (7th Cir. 2005), and court commissioners are also immune for "functions integral to the judicial process," so Walker can't bring claims against commissioners for their rulings, *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989).

Walker names as defendants various other officials who wouldn't necessarily be entitled to immunity, but his allegations regarding their misconduct are too vague to state claims for relief. I will dismiss this complaint and give Walker a chance to file an amended complaint better explaining his claims. In doing so, Walker should leave the judges out of the caption, and explain what actions or inactions each named defendant was responsible for that he believes violated his rights.

If Walker fails to submit an amended complaint by the deadline set below, I will dismiss the entire case.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until January 7, 2026, to submit an amended complaint.

Entered December 17, 2025.

                            BY THE COURT:

                            /s/

                            _____
                            JAMES D. PETERSON
                            District Judge