IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES L. WALKER,

          Plaintiff,

    v.

JACOB FROST, RHONDA LANFORD,
J. ALBERTO QUIROGA, ANTON JAMIESON,
BRIAN ASMUS, RHODA RICCIARDI,
CLERK CHARLOTTE T., HANNAH TYLER,
ANDREA D. BRENDEMUEHL,
DANE COUNTY CHILD SUPPORT AGENCY,
and DANE COUNTY SHERIFF DEPUTIES,

          Defendants.

OPINION and ORDER

25-cv-985-jdp

---

Plaintiff Charles Walker, proceeding without counsel, alleges that Dane County court officials, child support staff, and deputies violated his rights in a variety of ways during paternity and child support proceedings in the Dane County Circuit Court. I dismissed Walker's original complaint because he couldn't bring claims against the judges and court commissioners he sues, and his allegations against other court staff were too vague to state any claims for relief. Dkt. 4. I gave Walker a chance to file an amended complaint better explaining his claims. *Id.*

Walker has responded with an amended complaint. Dkt. 5. But his new complaint doesn't state any claims for relief either. He continues to name various judges and court commissioners as defendants, but as I told him in my previous order, judges are immune for their actions and court commissioners are immune for actions integral to the judicial process. He can't bring any claims directly against these officials.

Walker tries to get around this problem by stating that he seeks relief against Dane County itself under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978), contending that the judges', commissioners', and court staff's unlawful actions were the result of county policies or the county's failure to train them. But his allegations remain far too vague for me to understand what each official did to violate his rights and how those actions could plausibly be related to a county policy or failure to train. Because Walker's amended complaint fails to state a claim for relief, I will dismiss the entire case.

ORDER

IT IS ORDERED that:

1.  This case is DISMISSED.

2.  The clerk of court is directed to enter judgment accordingly and close the case.

Entered April 13, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

2